IN THE UNITED STATES DISTRICT
COURT FOR THE DISTRICT OF NEW
JERSEY CAMDEN VICINAGE

| | |
|---|---|
| ZUMAR H. DUBOSE, | |
| Plaintiff, | Civil No. 19-12195(RMB/JS) |
| v. | **ORDER** |
| STATE OF NEW JERSEY ATTORNEY GENERAL, | |
| Defendant. | |

**THIS MATTER** comes before the Court upon Pro Se Plaintiff Zumar H. Dubose's Motions for Consolidation [Dkt. No. 3], Summary Judgment [Dkt. No. 4], Default Judgment [Dkt. No. 6], and Rule 65, Injunctions and Restraining Orders [Dkt. No. 13]. In response to these motions, Defendant State of New Jersey Attorney General's Office ("Defendant"), filed a Motion for an Extension of Time to File an Answer [Dkt. No. 11], in which Defendant agreed to waive personal service in exchange for a sixty-day extension of time to respond to Plaintiff's complaint. Defendant's motion was denied by the Honorable Joel Schneider, United States Magistrate Judge, on August 23, 2019, pending the outcome of the Motion for Default Judgment. See Dkt. No. 12.

First, Court notes that under Fed. R. Civ. P. 4(j)(2), in conjunction with the Rules Governing the Courts of the State of New Jersey, § 4:4-4(7), Plaintiff was required to serve the

State of New Jersey by registered, certified or ordinary mail of the summons and complaint or by personal delivery of a copy of the summons and complaint to the Attorney General or to the Attorney General's designee named in writing filed with the Clerk of the Superior Court." Based on the documents filed by Plaintiff, labeled "Proof of Service" [Dkt. No. 5], this Court is unable determine whether Defendant was properly served with both the summons and the complaint.

Second, this Court notes that, under the New Jersey R. 4:4-4(7), "no default shall be entered for failure to appear unless personal service has been made under this paragraph." Therefore, a default judgment would be improper in this case, regardless of whether Plaintiff effectively served Plaintiff through mail, because personal service, rather than mail service, is required for default.

Third, this Court notes that it lacks jurisdiction to consolidate Plaintiff's case with other matters pending in New Jersey state courts. For the same reasons, this Court also lacks jurisdiction to issue injunctions related to those cases, as requested by Plaintiff.

Finally, having addressed Plaintiff's various motions, Defendant's requested extension of time is now properly before this Court.

**ACCORDINGLY, IT IS** on this **2nd** day of **December 2019**, hereby

**ORDERED** that Plaintiff's Motion for Consolidation [Dkt. No. 3], Motion for Summary Judgment [Dkt. No. 4], Motion for Default Judgment [Dkt. No. 6], and Motion for Rule 65, Injunctions and Restraining Orders [Dkt. No. 13] are **DENIED WITHOUT PREJUDICE**;

**ORDERED** that Defendant's Motion for an Extension of Time to File an Answer [Dkt. No. 11] is **RESTORED** to the active docket; and it is further

**ORDERED** that Defendant's Motion for an Extension of Time to File an Answer [Dkt. No. 11] is **GRANTED**; and it is further

**ORDERED** that Defendant is permitted sixty (60) days, from the date of this Order, to answer, move or otherwise reply to Plaintiff's Complaint [Dkt. No. 1]; and it is further

**ORDERED** that the Clerk of the Court shall **MAIL** a copy of this Order to Pro Se Plaintiff.

s/Renée Marie Bumb
RENÉE MARIE BUMB
UNITED STATES DISTRICT JUDGE